FILED

2008 FEB 29 AM 10: 28

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION**

RICHARD KRYWOKULSKI,

Plaintiff

v.

DAVOL INC. and
C. R. BARD, INC.,

Defendants.

Civil Action No.: 8:08-cv-00414-T-27EAJ

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD INC.'S**
**NOTICE OF REMOVAL**

Defendant Davol Inc. ("Davol") and Defendant C. R. Bard, Inc. ("Bard"), with full reservation of all defenses, objections, and exceptions, including but not limited to service, venue, and statute of limitations, remove the above-captioned action from the Circuit Court in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As support, Defendants state the following:

**I.**

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. Plaintiff filed a lawsuit against Bard and Davol in the Circuit Court in and for Hillsborough County, Florida, on or about February 5, 2008. Bard was served on February 11, 2008. Davol was served on February 12, 2008. Neither Bard nor Davol has answered Plaintiff's complaint.

2. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Ex. A.

TR 45193
350.00

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Circuit Court in and for Hillsborough County, Florida, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 89(b).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). It has been filed within 30 days of the first date on which Defendants received a copy of the Plaintiff's Complaint through service.

5. In accordance with 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the Clerk of Hillsborough County, Florida, where Plaintiff's Complaint is pending. A copy of this of Notice of Removal and the written notice of same are also being served upon Plaintiff's counsel.

## II.

## THIS COURT HAS DIVERSITY JURSIDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.

### The Parties are Completely Diverse

7. Plaintiff is a resident of Hillsborough County, Florida. (*See* Compl. ¶ 2.)

8. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

9. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

**B.**

**The Amount in Controversy Requirement is Satisfied**

10. Although Defendants deny Plaintiff's claims, and although Plaintiff expressly seeks damages "in excess of Fifteen Thousand Dollars," (Compl. ¶ 1), Defendants believe in good faith, as set forth below, that more than $75,000 is actually in controversy, and therefore the amount-in-controversy of 28 U.S.C. § 1332(a) has been met.

11. Plaintiff's claims sound in product liability. Plaintiff seeks recovery for personal injuries allegedly caused by a defective medical device – the Composix® Kugel® Hernia Patch – that was sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See id.* ¶ 5-7.) Plaintiff alleges that due to his use of the Composix® Kugel® Hernia Patch, he suffered "physical damage, bodily injury, infection, and additional surgery"; "bodily injury, pain and suffering, medical and nursing care and treatment, permanent injury, loss of income, loss of earnings capacity, mental anguish"; and "damages [that] will continue into the future." (*Id.* ¶¶ 7, 13, 18.)

12. The amount-in-controversy requirement is met here because the severity of injuries alleged in Plaintiff's Complaint makes it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (determining that removal from state court is proper if it is facially apparent from the complaint that the amount in controversy

exceeds the jurisdictional requirement); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

13. In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard and have pled an amount in controversy greater than $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (looking to other cases involving the same product to resolve amount-in-controversy inquiry); *see, e.g., Lord v. Davol Inc. & C.R. Bard, Inc.*, No. 5:07-cv-360-0C-10GRJ (M.D. Fla. filed Sept. 4, 2007) (alleging damages in excess of amount required by 28 U.S.C. § 1332) (Ex. B); *Sanchez v. Davol Inc. & C.R. Bard, Inc.*, No. 07-cv-21928 (S.D. Fla. filed July 27, 2007) (same) (Ex. C); *Montgomery v. Davol Inc. & C.R. Bard, Inc.*, No. 3:07-cv-176-RV-EMT (N.D. Fla. filed Apr. 20, 2007) (same) (Ex. D); *Staton v. Davol Inc. & C.R. Bard, Inc., et al.*, No. 07-cv-1033-S (N.D. Ala. filed Apr. 18, 2007) (alleging damages of $2 million) (Ex. E).

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Circuit Court in and for Hillsborough County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Date: February 28th, 2008

Respectfully submitted,

John M. Kvartek
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been furnished by First Class U.S. Mail to Chris M. Limberopoulos, Esq., The Limberopoulos Law Firm, Rivergate Tower, 400 North Ashley Drive, Suite 2150, Tampa, FL 33602 this 28th day of February, 2008.

John M. Kvartek