**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| RICHARD KRYWOKULSKI,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC. and<br>C. R. BARD, INC.,<br><br>Defendants. | ) | Civil Action No.:<br>8:08-cv-00414-JDW-EAJ |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**<u>DAVOL INC. AND C.R. BARD, INC.</u>**

Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, answer Plaintiff's Complaint (the "Complaint") as follows:

**<u>COMMON ALLEGATIONS</u>**

1. The allegations in Paragraph 1 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

2. Paragraph 2 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit that Davol is a subsidiary of Bard. Davol admits that it distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with accompanying labeling information, including prescribing physicians in the State of Florida. Davol does not know the meaning of "stream of commerce" beyond what has been previously answered and therefore denies the allegations. Bard denies the allegations.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore deny the same.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore deny the same.

6. The allegations in Paragraph 6 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

7. The allegations in Paragraph 7 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

8. The allegations in Paragraph 8 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT I**
**Davol, Inc., a wholly owned Subsidiary of**
**C.R. Bard, Inc.**

9. In response to Paragraph 9 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

10. The allegations in Paragraph 10 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

11. The allegations in Paragraph 11 of the Complaint are not directed toward Bard. To the extent they are, Bard denies them. Davol states the allegations in Paragraph 11 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Davol denies the allegations.

12. The allegations in Paragraph 12 of the Complaint are not directed toward Bard. To the extent they are, Bard denies them. Davol states that the allegations in Paragraph 12 of the

Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Davol denies the allegations.

13. The allegations in Paragraph 13 of the Complaint are not directed toward Bard. To the extent they are, Bard denies them. Davol states the allegations in Paragraph 13 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Davol denies the allegations.

**COUNT II**
**C.R. Bard, Inc.**

14. In response to Paragraph 14 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

15. The allegations in Paragraph 15 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 of the Complaint are not directed at Davol. To the extent they are, Davol denies them. Bard states the allegations in Paragraph 16 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Bard denies the allegations.

17. The allegations in Paragraph 17 of the Complaint are not directed at Davol. To the extent they are, Davol denies them. Bard states the allegations in Paragraph 17 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Bard denies the allegations.

18. The allegations in Paragraph 18 of the Complaint are not directed at Davol. To the extent they are, Davol denies them. Bard states the allegations in Paragraph 18 of the Complaint are conclusions of law, and no answer is required. To the extent an answer is required, Bard denies the allegations.

Case 3:08-cv-02434-MLC-TJB Document 1-3 Filed 04/16/2008 Page 4 of 9

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or his agents', including his physicians, misuse or abnormal use of the product or failure to follow instructions bar plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, plaintiff used the product for "off-label" purposes, which bars the Plaintiff's claims.

11. The "learned intermediary" doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on

the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Defendants product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees embodied in the Florida Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Florida Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Fla. Stat. § 768.72 (2004) and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, Plaintiff is limited in the amount, if any, he may recover for punitive damages under Fla. Stat. § 768.73 (2004).

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Florida.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their rights to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Date: March 6th, 2008

Respectfully submitted,

/s/ JOHN M. KVARTEK

John M. Kvartek
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200

AND

Case 3:08-cv-02410-MLW-EA Document 1-5 Filed 04/07/2008 Page 9 of 9

Kirby T. Griffis
Dana Alan Gausepohl
Jennifer L. Hagan
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the **Answer and Affirmative Defenses of Defendants Davol, Inc. and C.R. Bard, Inc.** has been filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Chris M. Limberopoulos
The Limberopoulos Law Firm, P.A.
400 North Ashley Street, Suite 2150
Tampa Bay, FL 33602

*Counsel for Plaintiff*

This the 6th day of March, 2008.

/s/ JOHN M. KVARTEK
John M. Kvartek